[Cite as *State v. Jackson*, 2024-Ohio-3151.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2024-A-0022** <br> **2024-A-0023** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeals from the <br> Court of Common Pleas |
| LORENZO DEANDRE JACKSON, | |
| Defendant-Appellant. | Trial Court Nos. 2022 CR 00484 <br> 2022 CR 00486 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: August 19, 2024
Judgment: Appeals dismissed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1}   On February 21, 2024, appellant, Lorenzo Deandre Jackson, filed notices of appeal from the trial court's January 18, 2024 sentencing entries imposed in two separate cases. Thereafter, this court consolidated the appeals for all purposes. For the reasons that follow, the appeals are dismissed.

{¶2}   Pursuant to App.R. 3(A), "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 4(A), in turn, provides, "Subject to the provisions of App.R. 4(A)(3), a party who wishes to

appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). The provisions of App.R. 4(A)(3) pertain to a clerk's delay in a civil case and are thus inapplicable to the present appeals.

{¶3} Pursuant to App.R. 14(A):

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by an order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

{¶4} Calculating the time for noticing the present appeals pursuant to these rules, 30 days from the January 18, 2024 sentencing entries fell on Saturday, February 17, 2024. President's Day was observed on the following Monday, February 19, 2024. Therefore, Jackson's notices of appeal were required to be filed on or before February 20, 2024. His notices of appeal reflect a filing date with the trial court clerk of February 21, 2024, and are thus untimely by one day.

{¶5} Pursuant to App.R. 5(A), a defendant may move to file a delayed appeal subject to the following provisions:

> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;
>
> . . .

2

Case Nos. 2024-A-0022 and 2024-A-0023

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

{¶6} Here, Jackson has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider his appeal. Jackson is not precluded from hereafter moving for a delayed appeal under App.R. 5(A).

{¶7} Accordingly, the appeals are dismissed, sua sponte, as untimely.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

3

Case Nos. 2024-A-0022 and 2024-A-0023